UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DMC MACHINERY AMERICA, CORP., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 16-cv-269 |
| HEARTLAND MACHINE & ) | |
| ENGINEERING, LLC; ) | Judge John W. Darrah |
| FFG DMC CO., LTD.; ) | |
| HANHWA CORPORATION; and ) | |
| ILRIM NANO TEC CO., LTD., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On January 8, 2016, Plaintiff, DMC Machinery America, Corp., filed a Complaint against Defendants, Heartland Machine & Engineering, LLC ("Heartland"); FFG DMC Co., Ltd. ("FFG"); Hanhwa Corporation; and Ilrim Nano Tec Co., Ltd. ("Ilrim"). Plaintiff alleges one count of tortious interference with contractual relations, Count III, against Hanhwa. Hanhwa filed a Motion to Dismiss [46] pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), or, in the alternative, on the basis of *forum non conveniens*. For the reasons discussed below, Hanhwa's Motion to Dismiss [46] is granted.

## BACKGROUND

Plaintiff is a Michigan Corporation, registered to conduct business in Illinois, that imports and distributes computer numerical control ("CNC") machine tools. (Compl. ¶ 1.) Heartland is an Indiana limited-liability company that sells and services CNC machine tools. (*Id.* at ¶ 2.) FFG is a Korean CNC machine manufacturing company that exports and sells its products in the United States. (*Id.* at ¶ 3.) Hanhwa is a Korean corporation that exports CNC machine tools

internationally, including in the United States. (*Id.* at ¶ 4.) Ilrim is a Korean CNC machine manufacturing company that exports and sells its machine tools in the United States. (*Id.* at ¶ 5.)

DMC Co., Ltd. ("DMC") is a Korean CNC machine tool manufacturer that established DMCA in August 2012. (*Id.* at ¶ 9.) DMCA, since its organization, has operated as the exclusive importer and master distributor of DMC products in the United States. (*Id.* at ¶ 10.) DMCA distributes DMC products in the United States through several dealers. (*Id.* at ¶ 11.) Heartland purchases DMC products from DMCA and sells them to customers located in Indiana, Ohio, Michigan, and Kentucky. (*Id.*)

On October 23, 2014, DMC spun-off its machinery division and established a separate entity, named FFG DMC Co., Ltd., which now produces the CNC machine tools. (*Id.* at ¶¶ 16, 17.) FFG was created when DMC entered into an agreement with Fair Friend Enterprises Co. Ltd. (*Id.* at ¶ 17.) The agreement was called "Investment Agreement for M&A of Machinery Division of Daehan Machinery Corporation." (the "Investment Agreement). (*Id.*) In Article 2(e), the Investment Agreement states that "[a]ny contracts entered into by DMC as a contracting party related to the machinery division shall be transferred to [FFG DMC]." (Compl. Exh. 3, p. 16.)

On January 28, 2015, DMC entered into a Share Transfer Agreement with Ilrim and sold all DMCA shares to Ilrim. (*Id.* at ¶ 12.) In Article 3, ¶ 4, the Share Transfer Agreement states that "[DMC] shall maintain the dealer network and distributorship of DMCA in the American market . . . for 10 years." (Compl. Exh. 1, p. 3.) In Article 3, ¶ 8, the Share Transfer Agreement also states that the obligations of Article 3 shall be effective "[no] matter whether [Ilrim] transfers the shares of DMCA to a third party." (*Id.* at p. 4.) In Article 7, the Share Transfer Agreement states: "If [the parties are] required to file litigations [sic] on any right and obligation

2

prescribed by this Agreement, Changwon District Court shall have the exclusive jurisdiction over the first instance trials." (*Id.* at p. 5.)

On the same date, DMC and Ilrim also executed an Export Agency Agreement. The Export Agency Agreement, in Article 5, ¶ 2, states that DMC "shall respect the dealer network and the sales agency right of DMCA . . . in the American market . . . and acknowledge [Ilrim's] exclusive export agency status for 5 years from the date when this Agreement was made." (Compl. Exh. 2, p. 4.) In Article 9, the Export Agency Agreement states: "If [the parties are] required to file litigations [sic] on any right and obligation prescribed by this Agreement, Chan[g]won District Court shall have the exclusive jurisdiction over the first instance trials." (*Id.* at p. 4.)

The Complaint alleges that DMC and Ilrim intended to maintain DMCA's status as the exclusive importer and master distributor of DMC products in the United States. (Compl., ¶ 13.) In September 2015, DMCA learned that FFG was selling CNC machine tools to Hanhwa and that Hanhwa was selling machines to Heartland. (*Id.* at ¶ 20.) DMCA met with Heartland and confirmed that Heartland was purchasing CNC machine tools through Hanhwa from FFG. (*Id.* at ¶ 21.) On January 6, 2016, DMCA received an e-mail from one of their dealers, stating that FFG had told the dealer that Heartland is "in charge of [the] North [A]merican market." (*Id.* at ¶ 22.)

## LEGAL STANDARD

A motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) challenges personal jurisdiction over a defendant. Plaintiff bears the burden of establishing that personal jurisdiction exists. *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014). When deciding a Rule 12(b)(2)

motion without an evidentiary hearing, plaintiffs need only make a *prima facie* showing of personal jurisdiction. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010).

Under Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss a case for "improper venue." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013); Fed. R. Civ. P. 12 (West 2016). Whether venue is "wrong" or "improper" is governed by 28 U.S.C. § 1391. *Id.*

A federal court may dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 447-448 (1994)).

## ANALYSIS

Hanhwa moves to dismiss based on lack of personal jurisdiction, improper venue, and *forum non conveniens.*

### *Personal Jurisdiction*

Hanhwa first moves to dismiss for lack of personal jurisdiction. Personal jurisdiction refers to a court's "power to bring a person into its adjudicative process." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). The federal test for personal jurisdiction requires that the defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Federal personal jurisdiction is proper where a defendant would be subject to the general jurisdiction of the state in which the federal court sits, subject to the minimum-contacts test.  *KM Enterprises, Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 723 (7th Cir. 2013).

In determining whether personal jurisdiction exists, the court accepts all well-pleaded allegations in the complaint as true and can consider outside materials, such as affidavits.  *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).  If the defendant submits declarations or other outside materials challenging personal jurisdiction, the plaintiff must submit affirmative evidence supporting the exercise of personal jurisdiction.  *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003).  Disputes must be resolved in the plaintiff's favor.  *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).  However, unrefuted assertions contained in a defendant's affidavit will be accepted as true.  *Id.*

The Illinois long-arm statute governs the exercise of personal jurisdiction by an Illinois court over a non-resident defendant who transacts business in Illinois.  *Russell v. SNFA*, 987 N.E.2d 778, 784 (Ill. 2013).  The long-arm statute contains a "catch-all provision," which broadly states that a court "may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."  *Id.* (citing 735 Ill. Comp. Stat. 5/2-209(c)).  For purposes of the catch-all provision, "it is enough to evaluate the limits that the Fourteenth Amendment due process places on state exercises of personal jurisdiction."  *Jackson v. Village of Grayslake*, No. 15 C 2661, 2016 WL 4418231, at *3 (August 16, 2016).   A court must determine whether a defendant had minimum contacts with

Illinois such that subjecting it to litigation in Illinois is reasonable under traditional notions of fair play and substantial justice. *Russell,* 987 N.E.2d at 786.

### General Personal Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, (2011)). The affiliation with the State "must be so extensive to be tantamount to [Defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an [Illinois] court in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003).

Hanhwa is a South Korean corporation that exports CNC machine tools internationally, including to the United States. (Compl. ¶ 4.) Hanhwa sells the products at issue directly to Heartland's location in Indiana. (*Id.* ¶ 20; Hun Decl. ¶ 14[1].) Hanhwa is not licensed to do business in Illinois and does not conduct any business in Illinois. (Hun Decl. ¶¶ 4-5). Hanhwa does not have any offices, property, or employees in Illinois. (Hun Decl. ¶¶ 6-7). Further, Hanhwa has not shipped, manufactured, or sold any products in or to Illinois. (*Id.* ¶¶ 9, 16.) There is no showing that Hanhwa engaged in the type of permanent and systematic business activity in Illinois that would justify exercising general personal jurisdiction.

---

[1] Hanhwa submitted an affidavit by Bae Sung Hun, who is the Assistant Manager of Hanhwa. Plaintiff submitted no affidavits or other affirmative evidence contradicting any of Hun's affidavit.

Specific Personal Jurisdiction

Specific personal jurisdiction is appropriate where: "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Specific personal jurisdiction must still comport with traditional notions of fair play and substantial justice. *Id.* (citing *Int'l Shoe*, 326 U.S. at 316). Several factors are relevant in making a determination of whether exercising specific personal jurisdiction comports with traditional notions of fair play and substantial justice: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland v. Clifton*, 682 F.3d 665, 677 (7th Cir. 2012) (citing *Burger King*, 471 U.S. at 477 (internal quotation marks omitted)). In order to exercise specific personal jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The connection "must arise out of contacts that the 'defendant himself' creates with the forum State." *Id.* at 1122 (citing *Burger King*, 471 U.S. at 475).

Plaintiff argues that there is specific personal jurisdiction over Hanhwa because Hanhwa put its products into the stream of commerce. Plaintiff points to a recent Illinois Supreme Court decision, *Russell v. SNFA*, 2013 IL 113909, 987 N.E.2d 778 (Ill. 2013), as being directly on point. In *Russell*, a French manufacturer of custom-made bearings for the aerospace industry

7

was sued in a products liability action. *Id.* at 781. The court found specific personal jurisdiction because the defendant put its products into the stream of commerce and used a company and its American subsidiary as distributors to knowingly sell its goods throughout the United States, including Illinois. *Id.* at 796. The defendant also had a business relationship with a division of another company located in Rockford, Illinois. *Id.* at 797. The court stated that the actions of both the holding company and its subsidiary were relevant to determine whether the defendant should be subjected to personal jurisdiction in Illinois. *Id.* at 794. The court specifically focused on the subsidiary relationship and the interactions between the parties. *Id.* at 794-95. For example, the holding company provided the defendant with specifications, and the defendant manufactured bearings according to those specifications for the American customers. *Id.* at 782.

There are several differences between *Russell* and this case. Hanhwa is not using FFG or Heartland as distributors to knowingly sell products in the United States or Illinois. There is no subsidiary or similar relationship between the parties. Plaintiff has not made any showing that Hanhwa had a business relationship with customers or any company located in Illinois. Indeed, Plaintiff has failed to allege that any actions taken by Hanhwa were directed toward Illinois. Hanhwa purchased CNC machines from South Korea and shipped them to Indiana. (Hun Decl. ¶ 14.)

For a finding of minimum contacts, "an action of the defendant [must be] purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.,* 480 U.S. 102, 112 (1987). Merely placing a product into the stream of commerce, without more, does not constitute a purposefully directed act by a defendant towards the forum State. *Id.* at 112. The Illinois Supreme Court also noted that it is necessary, at a minimum, for the foreign corporation to be aware that the final product is being marketed in Illinois. *Russell*,

987 N.E.2d at 790 (quoting *Wiles v. Morita Iron Works Co.*, 530 N.E.2d 1382, 1389 (Ill. 1988)). Although Hanhwa placed the products into the stream of commerce by shipping the products to Indiana, it did not purposefully direct those products toward Illinois. Further, the unilateral action of a third party does not satisfy the minimum-contacts standard. *Wiles*, 530 N.E.2d at 1382. According to the unopposed affidavit, Hanhwa had no control over or knowledge of the sale or distribution of the CNC machines once they were sold to Heartland. (Hun Decl. ¶ 15.) Additionally, Plaintiff does not allege that any CNC machine was sold in Illinois. (Compl. ¶11.)

Finally, for specific personal jurisdiction, the alleged injury must arise out of the defendant's forum-related activities. *Tamburo*, 601 F.3d at 702. Hanhwa is allegedly tortiously interfering with a contract that was entered into by two South Korean companies in South Korea by shipping CNC machines from South Korea to Indiana. If anywhere, the injury arises in South Korea or Indiana when Hanhwa sells the CNC machines to Heartland.

Plaintiff has not shown that Hanhwa has purposefully directed its activities at Illinois or purposefully availed itself of the privilege of conducting business in Illinois or that the alleged injury arises out of the defendant's Illinois-related activities.[2] Hanhwa's Motion to Dismiss [46] is granted based on lack of personal jurisdiction.

*Venue*

Hanhwa also argues that the case should be dismissed because venue is improper. Venue is proper when the action falls within one of the three categories set out in 28 U.S.C. § 1391.

---

[2] Plaintiff briefly argues that it should be granted discovery in order to address ties between companies. A plaintiff "must establish a colorable or *prima facie* showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). Further, "[f]oreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." *Id.* (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998)). Plaintiff has not shown a colorable or *prima facie* showing of personal jurisdiction.

*Atl. Marine*, 134 S. Ct. at 577.  Venue is proper when an action is brought in:  "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Here, Plaintiff does not allege that any Defendants are residents of Illinois.  Plaintiff further fails to show that Hanhwa's alleged acts occurred in Illinois.  As stated above, the allegedly tortious acts occurred outside the State of Illinois, in South Korea and Indiana.  Finally, as discussed above, this Court does not have general or specific personal jurisdiction over Hanhwa.

Hanhwa's Motion to Dismiss [46] is granted based on improper venue.

*Forum Non Conveniens*

Finally, Hanhwa argues that it should be dismissed under the doctrine of *forum non conveniens*.  The doctrine of *forum non conveniens* may still apply "in cases where the alternative forum is abroad."  *Sinochem Int'l Co.*, 510 U.S. at 430.  Congress has codified the doctrine of *forum non conveniens* for the federal system.  *Id.* (citing 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); 28 § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."))  As discussed above, venue is

improper in this district.  As to the convenience of the parties, three out of four Defendants are located in South Korea.  Hanhwa is alleged to have tortiously interfered with a contract that was entered into in South Korea by shipping CNC machines from South Korea to Indiana.  Most of the materials and witnesses will be in South Korea.  The balance of the convenience of the parties does not favor this district as a forum.

Hanhwa's Motion to Dismiss [46] is granted based on *forum non conveniens*.

### CONCLUSION

For the reasons discussed above, Hanhwa's Motion to Dismiss [46] is granted.

Date:     November 2, 2016            /s/ John W. Darrah
                                                             JOHN W. DARRAH
                                                             United States District Court Judge