UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DMC MACHINERY AMERICA CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v.                                      ) <br> ) <br> HEARTLAND MACHINE & ) <br> ENGINEERING, LLC, et al.       ) <br> ) <br> Defendants.                     ) | No. 1:17-cv-00369-SEB-MPB |

**ORDER ON MOTION TO DISMISS FOR FORUM NON CONVENIENS
(DKT. 117)**

Plaintiff DMC Machinery America ("DMC America"), a Michigan corporation, filed this action for breach of contract and business torts against Defendants Hanwha Corporation ("Hanwha"), a South Korean corporation, Ilrim Nano Tec Company ("Ilrim"), also a South Korean corporation, and Heartland Machine & Engineering ("Heartland"), an Indiana single-member limited liability company. Now before the Court is Defendant Hanwha Corporation's ("Hanwha") motion to dismiss for *forum non conveniens*. For the reasons explained below, the motion is granted.

**Background**

This case comes before the Court on transfer from the Northern District of Illinois. Dkts. 75, 76. There, the Hon. John W. Harrah granted the motion of defendant FFG DMC Company ("FFG"), a South Korean corporation, to dismiss it from the action for *forum non conveniens*. Dkts. 64, 65. Judge Harrah also granted Hanwha's separate motion to dismiss for lack of personal jurisdiction, *see* Fed. R. Civ. P. 12(b)(2), improper venue, *see*

1

Fed. R. Civ. P. 12(b)(3), and, in the alternative, *forum non conveniens*. Dkts. 66, 67. DMC America then filed an unopposed motion to transfer the action to this district, Dkt. 71, which Judge Harrah granted. Dkt. 74. On arrival here, DMC America sought and was granted leave to file an amended complaint, which brought Hanwha (but not FFG) back into the case. Dkt. 104. Hanwha responded by filing the instant motion. Dkt. 117.

The factual background of the case is twice set out in Judge Darrah's rulings, Dkt. 65, at 1–3, Dkt. 67, at 1–3, and the now operative amended complaint, Dkt. 104, is identical in relevant parts to the original complaint, Dkt. 1, reviewed by Judge Darrah. *See* Dkt. 97 ¶ 7. Accordingly, we see no need to fully restate the facts here.

In brief, under the terms of two South Korean contracts, the "Share Transfer Agreement" and the "Export Agency Agreement," DMC America, an American subsidiary of Ilrim, alleges it has the exclusive right to distribute FFG's products, computer numerical control or "CNC" machine tools, in the United States. But, it alleges further, FFG has in fact been selling its products to Hanwha, who in turn has sold them to Heartland for distribution in the U.S. market. DMC America claims this to be breach of the Share Transfer and Export Agency Agreements (Count I) and intentional interference with contractual relationships (Counts II, III). DMC America also claims that Heartland is in breach of a purchase agreement for machine tools and parts (Count IV).

## Analysis

"[A] district court may dismiss a case on *forum non conveniens* grounds when it determines that there are 'strong reasons for believing it should be litigated in the courts of another, normally a foreign, jurisdiction." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 805 (7th

Cir. 2016) (italics added) (quoting *Fischer v. Magyar Államvasutak Zrt.*, 777 F.3d 847, 866 (7th Cir. 2015)). We have no cause to decide whether, under the *Erie* doctrine, state or federal *forum non conveniens* law applies in diversity cases (including this mixed diversity and alienage case), a question the Supreme Court has three times left open. *Seales v. Panamanian Aviation Co.*, No. 07–CV–2901 (CPS)(CLP), 2009 WL 395821, at *10 n.11 (E.D.N.Y. Feb. 18, 2009) (citing cases). The parties are in tacit agreement that federal law applies, and the "vast majority" of federal circuits who have decided the question apply federal law. *Esfeld v. Costa Crociere, S.P.A*, 289 F.3d 1300, 1305 (11th Cir. 2002). *See id.* n.8 (citing cases). We follow their lead here.

"While many considerations are part of th[e] [*forum non conveniens*] inquiry, the focus is 'the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.'" *Fischer*, 777 F.3d at 866 (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007)). The inquiry proceeds in two steps. *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802–03 (7th Cir. 1997). "[A] court first must determine if an alternative and adequate forum is available and then go on to balance the interests of the various participants." *Deb*, 832 F.3d at 807 (citing *Kamel*, 108 F.3d at 802).

The first step itself involves "a two-part inquiry: availability and adequacy." *Kamel*, 108 F.3d at 802. "An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction. An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly." *Id.* at 803 (internal citation omitted) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265–66 (1981)). If the

3

defendant passes the first step, "the court decides whether to keep or dismiss the case by weighing various private and public interest factors." *In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.*, 420 F.3d 702, 704 (7th Cir. 2005). Beginning from a strong presumption in favor of plaintiff's chosen forum, *Deb*, 832 F.3d at 806, courts weigh and balance the "rather alarming[ly]" nonexclusive "laundry list" of factors, *Abad v. Bayer Corp.*, 563 F.3d 663, 668 (7th Cir. 2009), set out in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947):

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. . . .
>
> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Abad*, 563 F.3d at 668 (ellipsis in original) (quoting *Gilbert*, 330 U.S. at 508–09).

Before proceeding to the merits of Hanwha's motion, however, we must address the parties' argument over whether DMC America is barred from relitigating Judge Darrah's *forum non conveniens* ruling as to Hanwha under the doctrine of collateral estoppel, or issue preclusion. Right idea, but wrong doctrine.

Collateral estoppel bars relitigation "[w]hen an issue . . . is actually litigated and determined by a valid and final *judgment*, and the determination is essential to the *judgment*[.]" Restatement (Second) of Judgments § 27 (Am. Law Inst. 1982) (emphases added), *cited in Peabody Coal Co. v. Spese*, 117 F.3d 1001, 1008 (7th Cir. 1997) (*en banc*). In other words, "collateral estoppel requires separate actions." *United States v. Sherman*, 912 F.2d 907, 909 (7th Cir. 1990). To state the obvious, there has been no judgment in this case since it was filed in the Northern District of Illinois; it is one and the same action. Collateral estoppel therefore does not apply.

Hanwha's cited authority is not to the contrary. That case stands only for the unremarkable and here irrelevant proposition that dismissal of an entire case for *forum non conveniens*, despite being entered without prejudice to refiling in the foreign forum, is a final appealable order under 28 U.S.C. § 1291, because it terminates the action as far as the federal courts are concerned. *Abad*, 563 F.3d at 665 (citing *Mañez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 583–84 (7th Cir. 2008)).

The correct preclusion doctrine applicable here is the law of the case. This doctrine "provides that courts should refrain from reopening issues decided in earlier stages of the same litigation" and "applies when a when a case is transferred from one district court to another." *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001)

(citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988)). "Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson*, 486 U.S. at 816. And there is no reason to treat intersystem *forum non conveniens* rulings differently from intrasystem transfer rulings, especially with respect to the same defendant, *see id.*, given that the transfer statute, 28 U.S.C. § 1404(a), itself codifies *forum non conveniens* principles, *Sinochem*, 549 U.S. at 429–30, though the doctrines are not identical. *Piper Aircraft*, 454 U.S. at 253.

"Like the collateral estoppel doctrine, law of the case only applies where a court actually decided the issue in question." *Univ'l Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 462 (7th Cir. 2007) (citing 18B Charles Alan Wright & Arthur R. Miller *et al.*, *Federal Practice and Procedure* § 4478). Unlike the collateral estoppel doctrine (as applied in the Seventh Circuit, *Hancock v. Ill. Cent. Sweeping LLC*, 73 F. Supp. 3d 932, 951 (N.D. Ill. 2014) (citing *Spese*, 117 F.3d at 1008)), a holding in the alternative establishes the law of the case. *Howe v. City of Akron*, 801 F.3d 718, 740 (6th Cir. 2015) (citing Wright & Miller *et al.*, *supra*, § 4478 (4th ed. 2015)). While the doctrine "'merely expresses [a] practice of courts . . . , not a limit to their power[,]'" *United States v. Robinson*, 724 F.3d 878, 887 (7th Cir. 2013) (quoting *Messinger v. Anderson*, 225 U.S. 436, 44 (1912) (Holmes, J.)), it is usually said that law of the case bars "an argument for reconsideration that is [not] based . . . on intervening authority, new (and heretofore undiscoverable) evidence, or other changed circumstances that justify waiver of the doctrine," *Vidimos, Inc. v. Wysong Laser Co.*, 179 F.3d 1063, 1065 (7th Cir. 1999) (citing cases), such that "the initial decision was 'clearly erroneous'" and adherence to it

"'would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

Here, Judge Darrah necessarily decided (twice, once with respect to FFG, Dkt. 65, at 5–8, once with respect to Hanwha, Dkt. 67, at 10–11) that the South Korean forum is available, adequate, and convenient. As DMC America points to no circumstances justifying waiver of law of the case, we will not revisit those determinations now. Rather, we ask only whether the substitution of Indiana for Illinois in the *forum non conveniens* balance changes the outcome. It does not, as we now explain.

Judge Harrah's rulings were predicated not on the peculiar unsuitability of the Illinois forum, *contra* Br. Opp. 2–3, but on the peculiar suitability of the South Korean forum. *See* Dkt. 65, at 7; Dkt 67, at 11. As with Illinois, DMC America's choice of the Indiana forum is entitled to less weight because DMC America resides in Michigan, *see Deb*, 832 F.3d at 806, and because it is "eminently foreseeabl[y]" bound by the Share Transfer Agreement's forum-selection clause, which selects the South Korean forum, Dkt. 65, at 6, though Hanwha is not a party to that contract. (If it were, the clause would likely be dispositive for Hanwha as it was for FFG. *See* Dkt. 65.)

The single point of distinction between Illinois and Indiana is the presence in Indiana of a single defendant, Heartland, itself composed of a single member. With the exception of Count IV, which is apparently entirely unrelated to the chief dispute alleged between DMC America and the South Korean companies, very little of the conduct and transactions alleged in the *Amended Complaint* relate to Indiana. To the extent that communications between Heartland, on the one hand, and FFG and Hanwha, on the

7

other, are relevant evidence, those communications are just as easily accessed in South Korea as in Indiana. These minimal contacts do not justify a different result as between Illinois and Indiana in the *forum non conveniens* balance.

DMC America impliedly faults Judge Darrah's ruling for refusing to hold Hanwha to its burden of demonstrating that Heartland is amenable to South Korean process and subject to South Korean jurisdiction, Br. Opp. 5, but Judge Darrah did consider and reject that argument, Dkt. 65, at 7–8, and in any event we cannot perceive what difference that would make where only Hanwha has moved for dismissal. *See Sinochem*, 549 U.S. at 429 (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994)) (characterizing *forum non conveniens* as "'a supervening venue provision'"); Wright & Miller *et al.*, *supra*, § 3807 (4th ed. 2018) (citing *inter alia ABC Great States, Inc. v. Globe Ticket Co.*, 310 F. Supp. 739, 744 (N.D. Ill. 1970)) ("The fact that venue is improper with regard to one or more of the parties does not require the court to dismiss the entire case. . . . [U]nless the party for whom venue is improper is 'indispensable,' . . . the district court will merely dismiss the claims as to that party and the litigation will continue with the others.").

In this connection, we note in closing that Hanwha appears to believe that, if successful on its motion, the entire case will be dismissed, as opposed to dismissal of Hanwha from the action. That is not so. Objections relating to improper venue are personal to the objector and cannot be raised by it on behalf of others. *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, No. 3:10-cv-00641-DRH-DGW, 2011 WL 1792228, at *3 (S.D. Ill. May 10, 2011) (citing *Vance Trucking Co. v. Canal*

*Ins. Co.*, 338 F.2d 943, 944 (4th Cir.1964)). Judge Harrah adhered to the same rule when he dismissed FFG and Hanwha from the action without dismissing the action itself.

### **Conclusion and Order**

For the reasons explained above:

Hanwha's motion to dismiss is GRANTED.

The action is DISMISSED WITHOUT PREJUDICE as to Hanwha.

No final judgment shall enter at this time unless requested by a party. *See* Fed. R. Civ. P. 54(b).

Within sixty (60) days, the remaining parties are directed to jointly prepare a Case Management Plan and submit it for review by Magistrate Judge Brookman.

IT IS SO ORDERED.

Date: 9/25/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Stephen E. Arthur
HARRISON & MOBERLY (Indianapolis)
sarthur@harrisonmoberly.com

Stephen M. Brandenburg
CAMELI & HOAG P.C.
sbrandenburg@camelihoaglaw.com

Hyun Suk Choi
Choi & Park, LLC
hchoi@choiandpark.com

John D. Cox
LYNCH COX GILMAN & MAHAN PSC
jcox@lcgandm.com

Grover Burton Davis
MCCLURE MCCLURE & DAVIS (Indianapolis)
gbdavis@gbd.law

Susan J. McGinty
MCCLURE MCCLURE & DAVIS
smcginty@mmdhlaw.com

Charles E. Oswald, IV
HARRISON & MOBERLY (Indianapolis)
coswald@harrisonmoberly.com

Chull Soon Park
Choi & Park, LLC
cpark@choiandpark.com

Nancy E. Sasamoto
MASUDA FUNAI EIFERT & MITCHELL, LTD.
nsasamoto@masudafunai.com

David Joseph Stein
Masuda, Funai, Eifert & Mitchell, Ltd.
203 North LaSalle Street
Suite 2500
Chicago, IL 60601

Jiwon Juliana Yhee
Masuda, Funai, Eifert & Mitchell, Ltd.
203 North Lasalle Street
Suite 2500
Chicago, IL 60601

James B. Zaczek
Law Offices of James B. Zaczek
311 N. Aberdeen
Suite 300-B
Chicago, IL 60607